**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PJERIN VULAJ,**

                    **Petitioner(s),**            **CASE NUMBER: 06-14988**
                                        **HONORABLE VICTORIA A. ROBERTS**

**v.**

**ROBIN BAKER, Regional Director,**
**Immigration and Customs Enforcement,**

                    **Respondent(s).**
_____/

**ORDER**

**I.      INTRODUCTION**

        This matter is before the Court on Petitioner Pjerin Vulaj's Petition for Writ of

Habeas Corpus Motion for Injunctive Relief in the [sic] from a Stay of Removal.  For the

reasons stated below, the Petition is **DENIED**.

**II.     BACKGROUND**

        Petitioner is a citizen of Albania.  He was admitted to the United States on May

24, 1993 as a "visitor for pleasure."  Govt. Exh. C.  Petitioner was only authorized to

remain in the United States until November 23, 1993.  However, in October 1993, he

applied for asylum based on his religion and political opinion.  On March 31, 1994,

Petitioner's application was denied.  He rebutted the decision, but the rebuttal was also

denied on May 24, 1994.  Removal proceedings began the next day.

        At the removal hearing, Petitioner conceded deportability, but his request for time

to file another asylum application was granted.  He subsequently filed an asylum

1

application and additionally requested "withholding of deportation" and permission to voluntarily depart.

On June 30, 1997, Petitioner's application for asylum and withholding of deportation was denied. However, he was permitted to voluntarily depart from the United States by August 15, 1997. Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). On May 17, 2002, the BIA affirmed the decision and gave Petitioner 30 days to voluntarily depart. Petitioner did not appeal the BIA ruling, but he did not leave the United States.

Petitioner was arrested and detained by Immigration and Customs Enforcement ("ICE") on September 25, 2006. On or after November 4, 2006, he filed a motion with the BIA to reopen his removal proceedings.[1]   In the motion, he asserts that the attorney who represented him during the removal proceedings was ineffective because the attorney failed to file a timely petition for review of the June 1997 agency decision, and because the attorney failed to advise him that he could request voluntary departure. Notably, both assertions are incorrect. Petitioner did appeal the 1997 decision, and he was granted permission to voluntarily depart. However, Petitioner also asserts ineffective assistance based on the failure to appeal the BIA's 2002 ruling.

Petitioner's motion to reopen the immigration proceedings is pending. But, he is scheduled for removal on November 9, 2006.

Petitioner filed this action alleging that ICE abused its discretion, in violation of

---

[1]The date of filing is unclear. The motion is dated November 1, 2006. However, in the body of the motion Petitioner refers to his transfer to Wayne County Jail on November 4, 2006. Therefore, the motion apparently was filed on or after November 4th.

2

the Fifth Amendment, by failing to release him on bond or on his own recognizance

under 8 U.S.C. §1231(a)(3) and (6).  In his prayer for relief, he asks that the Court either

order ICE to release him pursuant to §1231, or grant a stay of removal until the BIA

rules on his motion.  He additionally requests that the Court: 1) declare that the

retroactive application of Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

§440(d) violates the due process and equal protection clauses of the Fifth Amendment,

and 2) vacate the order of deportation and remand the case to the immigration court for

consideration of relief under Immigration and Nationality Act ("INA") 212(c)(originally

codified as 8 U.S.C. § 1182 (c), but repealed by the Illegal Immigration Reform and

Immigrant Responsibility Act ("IIRIRA"), 104 Pub. L. No. 104-208, § 304(b), 110 Stat.

3009 (1996)).

## III.    APPLICABLE LAW AND ANALYSIS

### A.    The Court Lacks Jurisdiction to Grant a Stay of Removal or Vacate the Order of Deportation

The Court lacks jurisdiction to vacate or stay the order of removal.  In May 2005,

Congress amended the provision which governs judicial review of orders of removal--8

U.S.C. §1252; judicial review is now vested exclusively in the federal court of appeals:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter*, except as provided in subsection (e) of this section.

8 U.S.C. §1252(a)(5)(emphasis added).  *See also Gjoliku v Chertoff*, 2006 W.L. 83065,

(E.D. Mich. 2006); *Tejada v Cabral*, 424 F.Supp. 2d 296 (D. Mass. 2006).  Therefore,

Petitioner's request to vacate the order of removal is not properly before this Court.

The Court also lacks jurisdiction to stay the removal order.  8 U.S.C §1252(g)

expressly provides that "no court shall have jurisdiction to hear any cause or claim by or

on behalf of any alien arising from the decision or action by the Attorney General to

commence proceedings, adjudicate cases, *or execute removal orders* against any

alien."  (emphasis added).  *See also Moussa v Jenifer*, 389 F.3d 550, 554 (6th Cir.

2004).  Petitioner's scheduled deportation is indisputably an action to "execute removal

orders."

**B.    Petitioner's Request for Habeas Review of ICE's Denial of Bond is
        Premature**

Petitioner contends that he is entitled to release on bond or his own

recognizance pending a ruling by the BIA.  There is no merit to Petitioner's assertion.

The removal period begins to run on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a
stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration
process), the date the alien is released from detention or
confinement.

8 U.S.C. §1231(a)(1)(B).  The Government must detain an alien for 90 days after the

removal period begins to run.  *See* 8 U.S.C. §1231(a)(2).  And, 8 U.S.C. §1231(a)(6)

provides that an alien may be detained beyond the 90 day period if he is inadmissible

(under 8 U.S.C. §1182), removable (under certain provisions of 8 U.S.C. §1227), or has been determined to be a risk to the community or unlikely to comply with the order of removal.

While detention under §1231(a)(6) may not continue indefinitely, six months is considered a  presumptively reasonable period of time for the Government to secure removal.  *Zadvydas v Davis*, 533 U.S. 678, 700-701 (2001).  If the alien has not been removed within 6 months and removal is no longer reasonably foreseeable, continued detention under §1231(a)(6) is not authorized.  *Id* at 699.  The alien may petition the court for release if he can show that there is no significant likelihood of his removal in the foreseeable future.  *Id* at 701.  The Government is then required to rebut the showing with evidence.

The removal period is not tolled under §1231(a)(1)(B)(ii) or (iii) because a stay of removal has not been entered by any court and Petitioner has only been detained in accordance with immigration proceedings.  Rather, Petitioner's removal period became administratively final and began to run, under §1231(a)(1)(B)(i), on the date the BIA denied his appeal--May 17, 2002--because Petitioner never appealed the ruling.

Petitioner was only recently taken into custody due to his failure to voluntarily depart as directed.  Under §1231(a)(6) his detention is mandatory for 90 days, and it is presumptively reasonable for up to six months under *Zadvydas*.  Because Petitioner has only been in custody since September 25, 2006, his petition for writ of habeas corpus is premature.

**C.    AEDPA §440(d) does not Apply**

5

Petitioner requests that the Court declare that the retroactive application of AEDPA §440(d) violates the due process and equal protection clauses of the Fifth Amendment.  However, "AEDPA § 440(d) amended INA § 212(c) to categorically bar aliens convicted of certain crimes . . . from obtaining a § 212(c) waiver."  *Reeves v Reno*, 61 F.Supp.2d 661, 664 (E.D. Mich. 1999).  Since there is no evidence that Petitioner was convicted of a crime, AEDPA §440(d) does not apply retroactively or otherwise.

**IV.    CONCLUSION**

Petitioner's petition for Writ of Habeas Corpus Motion for Injunctive Relief in the [sic] from a Stay of Removal is **DENIED**.

        **IT IS SO ORDERED.**


                                    s/Victoria A. Roberts
                                    Victoria A. Roberts
                                    United States District Judge


Dated:  November 8, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 8, 2006.


s/Linda Vertriest
Deputy Clerk

6